IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALPHONZA LEONARD PHILLIP THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23CV183 |
| ) | |
| THE STATE OF NORTH CAROLINA, ) | |
| ) | |
| Defendant(s). ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina serving a sentence of life in prison following convictions for murder and arson, has made several past filings with the Court. In the present case, the Court received an envelope bearing a return address with Plaintiff's name and a return address to the prison where he is housed. It contained a *pro se* "Commercial Affidavit of Moorish-American National Status of Inheritance and Birth Rights." The filing is signed by a person using the name Abdi Keba-Bey, but does not appear to be signed by Plaintiff. The filing names the State of North Carolina as the "respondent" in the case and contends that a number of Plaintiff's constitutional rights have been or are being violated. The document is rambling and somewhat difficult to decipher, but appears to be based on the contention that Plaintiff is a "Moorish-American" and that, because of this fact, neither North Carolina nor the United States of America has jurisdiction over him. The filing also relies on commercial and civil law. It claims that

Plaintiff's incarceration violates his rights and seek his release from prison and compensation.

It is not entirely clear from the filing, but it appears that a third party, who is not an attorney admitted to practice in this Court, may have signed the paperwork in this case with Plaintiff's knowledge and cooperation. As the Court has told Plaintiff in the past, another *pro se* party cannot file an action on Plaintiff's behalf. Such a person also cannot sign papers on Plaintiff's behalf. He must sign any filings himself. Therefore, this action is not proper and should be dismissed. If Plaintiff seeks to file an action in this Court, he must do so through counsel or by signing his own *in forma pauperis* application and complaint on the proper forms.

Further, to the extent Plaintiff did authorize and cooperate with the current filing and might seek to make such a filing himself in the future, he should be aware that to the extent the claims attempt to undermine his convictions or sentences, Plaintiff may not do so without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). The Court also notes that Plaintiff previously attempted to attack his convictions in a habeas corpus petition under 28 U.S.C. § 2254 in case 1:16CV524 using essentially the same theories he raises here. The Court dismissed that case *sua sponte* on its merits and informed Plaintiff that commercial and civil law cannot be used to invalidate a criminal conviction or sentence, that a person's nationality or ethnicity are not relevant

2

to the validity of a conviction, and that a person's claimed identity as a Moorish American does not absolve him of criminal liability or prevent courts from exercising jurisdiction. See also El-Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) (unpublished) (collecting cases rejecting similar claims). Plaintiff also raised those claims in two other civil actions, cases 1:19CV692 and 1:20CV365, which the Court dismissed for being frivolous.

The present Complaint should be dismissed without prejudice to Plaintiff filing a proper action raising nonfrivolous claims using the proper forms for filing such an action, and signing the forms himself.

Plaintiff has also moved to consolidate [Doc. #2, #3] and to amend [Doc. #5]. To the extent those motions relate to Plaintiff's earlier cases, those issues were addressed by an Order on May 8, 2023 in Case 1:22CV271. If Petitioner wants to proceed further, he can file his claims on the proper forms and correct the defects noted above.

*In forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that Plaintiff's Motions to Consolidate and to Amend [Doc. #2, #3, #5] are denied, and *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be dismissed without prejudice to Plaintiff filing an action using the proper forms competed and signed by Plaintiff.

This, the 30th day of October, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge